IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PASCAL GEDEON,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 25-CV-1683 |
| UNITED STATES, *et al.*,<br>    Defendants. | :<br>:<br>: |

MEMORANDUM

GALLAGHER, J.                                                                MAY 22, 2025

Plaintiff Pascal Gedeon, a detainee housed at FDC Philadelphia, brings this *Bivens* action[1] against the United States, the Attorney General, two Unknown FBI Agents, Assistant United States Attorneys Kelly M. Harrell and Eileen Castilla Geiger, an additional unknown Assistant United States Attorney, and three unknown United States Marshals. Before the Court is Gedeon's motion to proceed *in forma pauperis* (ECF No. 1) and *pro se* Complaint (ECF No. 2). Because Gedeon has already raised these claims in prior lawsuits, the case will be dismissed.

I.     FACTUAL ALLEGATIONS AND LITIGATION HISTORY[2]

Gedeon's claims are based on the allegedly improper activities of Assistant United States Attorneys and FBI agents in the way they accessed, gathered, and reviewed evidence in

---

[1] The basis for asserting a constitutional claim against a federal official is *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971).

[2] The facts set forth in this Memorandum are taken from Gedeon's Complaint (ECF No. 2.) The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. The Court may also take judicial notice of prior court proceedings. *See In re Ellerbe*, No. 21-3003, 2022 WL 444261, at *1 (3d Cir. Feb. 14, 2022) (*per curiam*) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings)).

Gedeon's criminal case, *United States v. Gedeon*, No. 21-CR-210 (E.D. Pa.), in which he was indicted on child pornography charges. (Compl. at 6-9.) He claims that the Unknown FBI Agents willfully omitted material facts about the "SCA"[3] to obtain a warrant to access the contents of a Tumblr account called "younger-are-the-best." (Compl. at 6.) They allegedly failed to state that the statute required that the provider disclose the contents only "when the provider does not have access to the contents." (*Id.*) They also failed to renew a "preservation request," and improperly disclosed the contents to Assistant United States Attorneys Kelly M. Harrell, Eileen Castilla Geiger, and the unknown Assistant United States Attorney. (*Id.* at 6-7, 8.) The Agents also requested that Tumblr not notify him of the preservation request, "incited" Tumblr to disclose the contents, and exceeded their "authorized access" to obtain information from a protected computer. (*Id.* at 7-8.) He claims the prosecutors also violated a statute by obtaining the computer information, and the acts of the Defendants led to his detention at FDC Philadelphia since May 2021. (*Id.* at 9.) Unrelatedly, Gedeon also alleges that unknown United States Marshals violated his rights because, on the numerous occasions when he was transported from FDC Philadelphia to the United States Courthouse for proceedings in his criminal case, he was not permitted to wash his hands with soap before he ate meals, which led to digestive issues, stomach pain, hemorrhoids, and diarrhea.[4] (*Id.*)

Gedeon has raised these claims in prior lawsuits. In *Gedeon v. United States*, No. 23-1600, 2023 WL 3570942 (E.D. Pa May 18, 2023), Gedeon sued United States Attorney

---

[3] "SCA" is not defined but, from the context of the Complaint and Gedeon's criminal case, appears to be a reference to the Stored Communication Act, 18 U.S.C. § 2701, *et seq.*

[4] Although he listed "The Attorney General" in the caption of the Complaint, Gedeon states no facts or claims concerning The Attorney General. Accordingly, The Attorney General will be dismissed as a Defendant.

Jacqueline C. Romero, Assistant United States Attorneys Harrell and Geiger, and two unknown federal officers alleging that they omitted material facts in a warrant application to access the contents of the Tumblr account. *Id.* at *1. He also alleged that Harrell and Geiger were aware of a defect in the criminal statute Gedeon is charged with violating, 18 U.S.C. § 2252, governing certain activities relating to material involving the sexual exploitation of minors, that resulted in Gedeon's pretrial detention being prolonged. *Id.* On statutory screening of his claims, the Court dismissed the claims against the United States Attorneys on absolute immunity grounds. *Id.* at *3-4. The claims against the unknown federal officers, presumably the same unidentified FBI agents he attempts to name in this Complaint, were stayed pending the outcome of Gedeon's criminal case because, the Court determined, the question of whether the agents' actions were improper were raised in a then-pending counseled motion to suppress evidence obtained by the agents from Tumblr. *Id.* at *4 (citing *United States v. Gedeon*, No. 21-CR-210 (ECF No. 49 (counseled motion to suppress evidence obtained by FBI from Tumblr because warrant that issued omitted relevant information))).

In *Gedeon v. The Attorney General*, No. 24-4277, 2024 WL 4216628 (E.D. Pa. Sept. 17, 2024), Gedeon sued "U.S. Marshals," the unknown Director of the U.S. Marshals, "unknown U.S. Marshal Deputy," and "The U.S. Marshals" raising *inter alia* the same allegation about lack of soap to wash his hands. *Id.* at * 1. His claims for money damages were dismissed because he did not "present a situation where an extension of *Bivens* [was] warranted." *Id.* at *4.

This Court's docket from Gedeon's criminal proceedings reflect that the counseled motion to suppress, as well as motions that Gedeon filed *pro se*, were argued on June 20, 2023. (*Gedeon*, No. 21-CR-210 (ECF Nos. 152, 179).) The Court issued a Memorandum and Order on July 14, 2023 denying the motions. (ECF No. 163.) The Court also denied Gedeon's motion to

3

dismiss the indictment. (ECF No. 160.) Thereafter, Gedeon entered a guilty plea to the indictment (ECF Nos. 279), which he then sought to withdraw (ECF Nos. 283, 324). The motions to withdraw the plea were denied (*id.* (ECF No. 325) and sentencing is currently scheduled for ~~May 12~~ July 8, 2025 (ECF No. ~~363~~ 377) 21-CR-210.

## II.  STANDARD OF REVIEW

The Court grants Gedeon leave to proceed *in forma pauperis*.[5] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244

---

[5] Because he is a prisoner, Gedeon must still pay the $350 filing fee in installments as required by the Prison Litigation Reform Act.

(3d Cir. 2013)). However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III.  DISCUSSION

### A.  Claim Preclusion

Because Gedeon has raised the same claims in his prior lawsuits, he may not raise them again. The claims against the United States, federal prosecutors, and agents was raised in *Gedeon v. United States*, No. 23-1600, where the claims against the United States and the federal prosecutors were dismissed on immunity grounds. His claims against the three unknown United States Marshals were raised in *Gedeon v. The Attorney General*, No. 24-4277, where they were dismissed as an implausible extension of *Bivens*. These claims are now barred by the doctrine of claim preclusion. The doctrine, also called *res judicata*, protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted). Claim preclusion prevents parties from raising issues that could have been raised and decided in a prior case regardless of whether those issues were litigated. *Id.* In other words, "[t]he prior judgment's preclusive effect . . . extends not only to the claims that the plaintiff brought in the first action, but also to any claims the plaintiff could have

asserted in the previous lawsuit." *Id.* at 231-32. "Claim preclusion similarly reaches theories of recovery: a plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid claim preclusion when the events underlying the two suits are essentially the same." *Id.* at 232; *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) ("'Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims.'") (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983-84 (3d Cir. 1984)).

Three elements are required for claim preclusion to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). "A dismissal under the *in forma pauperis* statute . . . qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim." *Gimenez*, 202 F. App'x at 584. With regard to the second element, claims against individuals who were not parties to the prior lawsuit may be precluded in certain circumstances, including when there is a substantive legal relationship between the party and nonparty. *Taylor v. Sturgell*, 553 U.S. 880, 893-94 (2008). "With respect to affirmative defenses, such as res judicata, dismissal is proper if application of the defense is apparent on the face of the complaint; [the Court] may also look beyond the complaint to public records, including judicial proceedings." *Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017); *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*) (observing that "*[r]es judicata* is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)").

The claim against the United States and federal prosecutors raised and dismissed with prejudice in *Gedeon v. United States*, No. 23-1600, and the claims against the three unknown United States Marshals raised and dismissed with prejudice in *Gedeon v. The Attorney General*, No. 24-4277, may not be revived in a new lawsuit. The dismissals were final judgments on the merits in the prior suits involving the same parties or their privies, and Gedeon's new claims are based on the same causes of action. Accordingly, the claims are dismissed with prejudice.

### B.   Claims Splitting

The claims against the FBI Agents were raised in *Gedeon v. United States*, No. 23-1600, and stayed pending the outcome of Gedeon's criminal case. The stay was entered because the criminal proceeding was – and continues to be – pending and "provided Mr. Gedeon an adequate opportunity to argue that the pending charges should be dismissed due to the defendant agents' allegedly improper actions." *Id.*, 2023 WL 3570942 at *4. The Court's docket reflects that Gedeon has since entered a guilty plea in the case and awaits sentencing after his suppression motion raising the same defects he asserted in the first civil case was denied. Given this procedural status, Gedeon cannot assert the same stayed claims again.

Federal courts recognize a prohibition against splitting of claims relating to the same transaction or occurrence. *See Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) ("[A] plaintiff has no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant.). "Claim-splitting," is a "rule against duplicative litigation [and has been described as] the 'other action pending' facet of the res judicata doctrine." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. 08-309, 2009 WL 2016436, at *3 (D. Del. July 9, 2009) (citation omitted). "Just as res judicata applies to a second action filed after a final adjudication of the first action, the rule against claim

7

splitting applies when . . . two suits are pending at the same time." *Id.* The doctrine reflects that a district court, "[a]s part of its general power to administer its docket, has the authority to stay or dismiss a suit that is duplicative of another case then pending in federal court." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). "Courts borrow the test for claim preclusion and consider whether to bar the second suit if it involves the same parties or their privies and arises out of the same transaction or series of transactions as the first suit." *Zephyr Aviation III, L.L.C. v. Keytech Ltd.*, No. 07-227, 2008 WL 759095, at *1 (M.D. Fla. Mar. 20, 2008) (internal quotation marks deleted; citing *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599 (5th Cir. 1999)).

"[T]he claim splitting prohibition precludes a plaintiff from simultaneously maintaining two separate lawsuits involving the same subject matter, at the same time, against the same defendant." *Hebert v. MudTech Servs.*, No. 15-0933, 2015 WL 5602669, at *5 (W.D. Pa. Sept. 23, 2015); *Dorsey v. Jacobson Holman PLLC*, 764 F. Supp. 2d 209, 212 (D.D.C. 2011) ("The rule against claim splitting requires that all claims arising out of a single wrong be presented in one action." (internal quotations omitted)). Gedeon is attempting to do just that by reasserting here the claims against the FBI Agents the Court stayed in the earlier case. He has named the same parties or their privies and the claim arises from the same set of facts. Gedeon is precluded from reasserting the claims again and must move in the earlier case to lift the stay when appropriate.

## IV. CONCLUSION

For the reasons provided, the claims against the United States and the federal prosecutors that were raised and dismissed in *Gedeon v. United States*, No. 23-1600, and the claims against

the three unknown United States Marshals that were raised and dismissed in *Gedeon v. The Attorney General*, No. 24-4277, will be dismissed with prejudice in this case because they are barred by claims preclusion. The balance of the claims will be dismissed without prejudice because they are still pending in Gedeon's earlier lawsuit against the same Defendants and stayed until his criminal proceedings finally terminate. An appropriate Order will be entered dismissing this case with no leave to amend because amendment in this case would be futile.

BY THE COURT:

/s/ John C. Gallagher
JOHN M. GALLAGHER
United States District Court Judge
